MEF
F. #2018R00823

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -)
IN RE APPLICATION OF THE                             )
UNITED STATES OF AMERICA FOR                         )   No. 19 MC 217
AN ORDER PURSUANT TO                                 )
18 U.S.C. § 2703(d)                                  )
                                                     )
- - - - - - - - - - - - - - - - - - - - - - - - - - -)

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require GOOGLE LLC: an Internet service provider, located in Mountain View, California (the "Provider"), to disclose certain records and other information pertaining to the email accounts jaystern31583@gmail.com, jayjaystern315@gmail.com, jaytheman3151982@gmail.com, thesammorg2002@gmail.com and sammorgan052@gmail.com as described in Part I of the Attachment to the Proposed Order (the "Attachment"). The records and other information to be disclosed are described in Part II of the Attachment. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1.   The Provider is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under 18 U.S.C. § 2703(d) to require the Provider to disclose the items described in Part II of the Attachment. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of the Attachment); 18 U.S.C. § 2703(c)(1) (Part II.B of the Attachment).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under Section 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of the Attachment are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating child exploitation and the production and possession of child pornography. The investigation concerns possible violations of, inter alia, Title 18, United States Code, Section 2251 (sexual exploitation of children).

5. In November 2017, the New York City Police Department ("NYPD") received a "Priority Level 1" notification report (highest urgency) from the National Center for Missing and Exploited Children ("NCMEC") Cyber Tipline, informing the NYPD that Facebook Inc. had identified a 33-year old adult male named Jonathan Deutsch (hereinafter "Deutsch") who was enticing multiple children to send and produce, via social media accounts, pornographic content. Facebook reported that Deutsch was likely a math teacher, teaching in New York, NY. As part of the same report, Facebook reported that "JDeutsch" (hereinafter "Facebook Account 1") was linked by machine cookies to the following accounts: "Sam Morgan," registered as a

male with a date of birth of June 11, 2002 (15 years old) (hereinafter "Facebook Account 2"); and "Jay Stern" (hereinafter "Facebook Account 3"), registered as a male with a date of birth of March 3, 1983 (33 years old) (the "Facebook Accounts").

6. Facebook further reported that the Facebook Accounts were linked by IP addresses, and that Facebook Accounts 2 and 3 were used to entice accounts associated with at least eight child victims to produce and send Child Exploitation Images (CEI) via private messages. Based upon further investigation, it was determined that at least one of the aforementioned IP addresses was registered to Deutsch's home in Brooklyn, New York.

7. On or about November 28, 2017, NYPD obtained a search warrant from the Supreme Court of the State of New York that allowed police officers to search the records of Facebook Inc. for property associated with inter alia Facebook Account 1, Facebook Account 2 and Facebook Account 3 (hereinafter the "Facebook Search Warrant").

8. According to information received pursuant to the Facebook Search Warrant, Facebook Account 3 was used to communicate with numerous minors, at least three of which sent child exploitative images and videos of themselves, at Deutsch's request. Similarly, Facebook Account 2, which purported to be owned by a 15 year old, both solicited and received child exploitative images.

9. Thereafter, on September 17, 2018, a federal grand jury returned an indictment charging the defendant Jonathan Deutsch with five counts of sexual exploitation of a child, in violation of Title 18, United States Code, Section 2251. (Criminal Docket No. 18-502)

10. Based on a review of information received in connection with the Facebook Search Warrant, the aforementioned email addresses were associated with Facebook Account 2 and Facebook Account 3. Additionally, it appears based on the content of the

3

communications received in connection with the Facebook search warrant that the false identifies associated with aforementioned email addresses were also used on other social media platforms, including Skype and Kik, for the purpose of procuring and producing child pornography.

**REQUEST FOR ORDER**

11.     The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of the Attachment are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to determine the nature and scope of Deutsch's activities. Accordingly, the United States requests that the Provider be directed to produce all items described in Part II of the Attachment.

Dated: Brooklyn, New York
       January 25, 2019

                                      Respectfully submitted,

                                      RICHARD P. DONOGHUE
                                      United States Attorney

                                      /s/ M. Farrell
                                      Megan E. Farrell
                                      Assistant United States Attorney
                                      (718) 254-6448

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) No. 19 MC 217
AN ORDER PURSUANT TO )
18 U.S.C. § 2703(d) )

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring GOOGLE LLC, an electronic communications service provider and/or a remote computing service located in Mount View, California (the "Provider"), to disclose the records and other information described in the Attachment to this Order (the "Attachment").

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that the Provider shall, within ten days of the date of this Order, disclose to the United States the records and other information described in the Attachment.

HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

1/25/19
Date

## ATTACHMENT A

I. **The Accounts**

The Order applies to certain records and information associated with the following email accounts: jaystern31583@gmail.com, jayjaystern315@gmail.com, jaytheman3151982@gmail.com, thesammorg2002@gmail.com and sammorgan052@gmail.com (the "Accounts").

II. **Records and Other Information to Be Disclosed**

GOOGLE LLC is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment (the "Accounts"), for the time period January 1, 2017 to the present:

   A.   The following information about the customers or subscribers of the Accounts:

   1. Names (including subscriber names, user names, and screen names);

   2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   3. Local and long distance telephone connection records;

   4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   5. Length of service (including start date) and types of service utilized;

   6. Telephone or instrument numbers (including MAC addresses);

   7. Other subscriber numbers or identities (including the registration IP address); and

   8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to the Accounts, including:

1. Records of user activity for each connection made to or from the Accounts, including log files; messaging logs; the date, time, length and method of connections; data transfer volume; user names; and source and destination IP addresses; and

2. Information about each communication sent or received by the Accounts, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers)

2